Matthias, J.
 

 The question presented to the commission was whether the charges for shipments to the Struthers Iron and Steel Company were lawfully ap
 
 *394
 
 plicable in accordance with the published tariff rate of the Pittsburgh and Lake Erie Railroad Company. The shipments in question were from what is known as the Campbell Works of the Youngstown Sheet and Tube Company to the plant of the¡ Struthers Iron and Steel Company. At the time the transportation service involved in this case was performed the published tariff of the P.
 
 &
 
 L. E. Rd. Company for transportation of coke from the Campbell Works to the so-called rod and wire department of the Youngstown Sheet and Tube Company was $6.30 per car. The contention that such rate is applicable to the shipments in question is based upon the claim that the Struthers Company plant is located between the Campbell Works and the rod and wire department of the Youngstown Sheet and Tube Company, and that therefore the $6.30 rate became the rate applicable to shipments to the intermediate point. The order of the commission recites the facts heretofore stated, and then sets forth its findings that the rates complained of were and are unjustly discriminatory, unduly prejudicial, and in violation of the long-and-short-haul clause of Section 504-1, General Code, to the extent that they exceed the rates contemporaneously in effect for transportation of coke carloads over the P.
 
 &
 
 L. E. line from the coke plant of the Youngstown Sheet and Tube Company to the wire and rod mill of said company at Struthers. A further finding was made that the lawful, applicable rate for transportation of coke carloads via the P. & L. E. from the coke plant of the Youngstown Sheet and Tube Company to the plant of the Struthers Iron and Steel Company was and is $6.30 per car. It is of this order that plaintiffs in error complain.
 

 The validity of the order complained of is challenged, first, upon the ground that the commission improperly treated the so-called application for a rehearing as an application for a modification of its
 
 *395
 
 original order under Section 538, General Code. That question was presented by the motion to dismiss the complaint and discontinue the proceeding upon the ground that the application was not filed within thirty days in accordance with the requirements of Section 614-43, General Code.
 

 It is contended that the continuing jurisdiction of the commission may be invoked under Section 538, General Code, and that such action is not subject to the limitation of thirty days. This was the basis of the finding and order complained of. The commission held that such application was in fact an application for modification of its former order.
 

 All concerned were duly notified and the proceeding was accordingly “reopened for further hearing solely with respect to the lawfulness of the rate for the transportation of coke in carload lots, via the Pittsburgh and Lake Erie railroad, from the coke plant of the Youngstown Sheet and Tube Company to complainant’s plant at Struthers, Ohio.”
 

 Section 538, General Code, is as follows: “Upon application of any person or any railroad and after notice to the parties in interest and opportunity to be heard as provided in this chapter for other hearings, has been given, the commission may rescind, alter or amend an order fixing any rate or rates, fares, charges or, classification, or any other order made by the commission. Certified copies of such orders shall be served and take effect as provided for original orders.”
 

 Section 541, General Code, is as follows: “All rates, fares, charges, classifications and joint rates fixed by the commission shall be in force and be prima facie lawful for two years from the day they take effect, or •until changed or modified by the commission, or by an order of a competent court in an action under the provisions of this chapter.”
 

 The action of the commission in treating the application in question as one for modification of its former
 
 *396
 
 order and proceeding pursuant to the provisions of Sections 538 and 541, General Code, conferring continuing jurisdiction in such matters, does not constitute an arbitrary exercise of power. The commission went forward as upon a reopening of the proceeding and a further hearing aqd consideration of the issues presented upon their merits. That question was whether the rates and charges of the defendant company for transportation of coke in carloads from the coke plant at the Campbell Works of the Youngstown Sheet and Tube Company to complainant’s plant at Struthers were and had been unjust, unreasonable, unjustly discriminatory, unjustly prejudicial and inapplicable. Of that question the commission has continuing jurisdiction under the provisions of the statute above referred to.
 

 The validity of the rate now fixed by the commission for the specified service is the real question presented by the record. The complaint which was the origin of this proceeding was not merely of an unreasonable charge, but that the charges assessed and collected were illegal, being in violation of the provisions of Section 5Ó4-1, General Code, generally referred to as the “long-and-short-haul clause”. The pertinent part thereof follows: “That no company, or person owning, controlling or operating a railroad in whole or part within this state, shall charge or receive any greater compensation in the aggregate for the transportation of freight of like kind, for a shorter than for a longer distance over the same line or route in the same direction, the shorter being included within the longer distance.”
 

 Upon application of the provisions of this statute to the situation presented by the facts in the proceeding now before this court the commission concluded that the rates complained of are violative of such statutory provision in that they exceeded the contemporaneous schedule of rates of the P. & L. E. Rd. Com
 
 *397
 
 pany for the transportation of coke carloads over the line of the P. & L. E. Rd. Company from said coke plant to the wire and rod mill of the Youngstown Sheet and Tube Company. This conclusion was based upon the finding of the commission that the plant of the complainant is “located directly intermediate between the Campbell works and the wire mill over the same line or route * * $ that the distance from the Campbell works to the complainant’s plant is shorter than from the Campbell Works to the wire mill, the shorter distance being included within the longer over the same route in the same direction.”
 

 It is contended that the finding and conclusion of the commission are erroneous, and that the charges assessed are not violative of the provisions of the statute referred to by reason of the fact that the plant of the Struthers Iron and Steel Company is reached by a sidetrack which extends from the P. & L. E. tracks from a point between the coke works and the rod and wire department of the Youngstown Sheet and Tube Company. The question is thus presented whether the physical conditions are such as to make the long- and-short-haul restrictive provisions entirely inapplicable.
 

 The record discloses that the coke shipments for the Struthers Company and those to the rod and wire department of the Youngstown Sheet and Tube Company generally move in the same train, the separation being made at the switch leading to the Struthers Company plant. The entire distance from the coke plant to the plant of the Struthers Company is about five and one-half miles. After setting out the cars of coke at the entrance to complainant’s plant the cars remaining are taken eastward by the same engine and crew over the running track about two and one-half miles to another switch connection; thence about .a mile further to the wire mill. Prom the switch at the entrance of the complainant’s plant the cars compos
 
 *398
 
 ing the shipment are moved from six hundred to twelve hundred feet by a small engine placing them upon receiving tracks. It further appears from the record, and is so found by the commission, that when the lead or interchange track is occupied it is necessary for the small engine used in that service to clear in order to serve the carrier’s freight house which is located approximately 1200 feet south of the running track; that the carrier has no tracks of its own leading from its running track or main line to the freight house, therefore complainant’s track is used.
 

 The rates assessed had the effect of exacting a greater charge for a less service, the very thing the statute was enacted to prevent. The long-and-short-haul clause of the Interstate Commerce Act is practically identical with our statute, and in its construction and application the Interstate Commerce Commission in dealing with situations similar to that presented by this record has consistently held that the location of the company’s plant on so-called spur or sidetrack from the main line of track does not justify or warrant a refusal to apply the long-and-short-haul provision, or- exempt the carrier from the charge of violation thereof.
 

 We are of the opinion that the distinction made by the commission between the schedule of rates of the Pennsylvania Railroad Company and the Pittsburgh and Lake Erie Railroad Company is well founded, if that need be considered in this proceeding. The commission had previously held that the $6.30 rate for coke carloads was in the nature of a proportionate rate, upon the theory that there was to be a subsequent rail movement. That was true as to the Pennsylvania Railroad schedule which was to so-called “stockpiles” from which there was to be a subsequent rail movement, while the schedule of the Pittsburgh and Lake Erie Railroad was published to apply to final destination. It was in this respect that the commission
 
 *399
 
 altered materially its finding and conclusion and field tfiat tfie coke carload rate announced in tfie scfiedule was not in tfie nature of a proportional rate and consequently must be applied as tfie legal rate to tfie intermediate point. A proportional fate is a part of a through rate; a share of tfie aggregate charge'from origin to destination which, one or more of tfie carriers accepts for performing a definite portion of tfie whole transportation service.
 
 Hocking Valley Ry. Co.
 
 v.
 
 Lackawanna C. & L. Co.,
 
 224 F., 930. There was no place for consideration of a proportional rate or rule applicable thereto in this proceeding, for tfie only scfiedule here in question was tfiat of a local rate, and was unaffected by tfie question of previous or subsequent movement.
 

 It is urged however tfiat tfie finding of tfie commission tfiat tfie rates complained of were and are unjustly discriminatory, unduly prejudicial and inapplicable, in violation of tfie long-and-sfiort clause, is not warranted by tfie record and tfiat its conclusion is against tfie weight of tfie evidence. Tfie only purpose of tfie long-and-sfiort-fiaul provision is to prevent unjust discrimination in tfie matter of rates. Sections 564, 567 and 504-1, General Code, are quite similar in their provisions to Sections 2, 3 and 4 of tfie Interstate Commerce Act (Title 49, Sections 2, 3 and 4, U. S. Code). In each instance they deal with discriminations and preferences in the matter of rates consummated in tfie various methods enumerated. The sections of tfie statute are
 
 in pari materia
 
 and call for harmonious construction, just as do the sections of tfie Interstate Commerce Act.
 
 United States
 
 v.
 
 L. & N. Rd. Co.,
 
 235 N. S., 314, 59 L. Ed., 245, 35 S. Ct., 113. As announced by tfie Interstate Commerce Commission respecting these provisions: “The exaction, without lawful excuse, of a greater compensation in tfie aggregate for tfie shorter than for tfie longer haul over tfie same line in tfie same direction, tfie shorter
 
 *400
 
 being included in tbe longer, -which is forbidden by § 4 of the Act to regulate commerce, is only a form of unjust discrimination or undue preference, to which, it seems, Congress desired to call particular attention *
 
 * McClelan v. Southern
 
 Ry., 6 I. C. C., 588.
 

 In our opinion, under the facts presented by the record, the conclusion of the commission that from a violation of the long-and-short-haul clause of the. statute there resulted an unjust discrimination and undue prejudice is supported by the record, and hence its order is neither unreasonable nor unlawful. It is accordingly affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Stephenson, Bevis and Zimmerman, JJ., concur.
 

 Jones and Wilkin, JJ., not participating.